UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:00CR150(JBA) |
| DENISE BARRACKS | : | September 14, 2005 |

<u>MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE</u>

The defendant respectfully submits this memorandum in support of the defendant's motion for production.

The United States Probation Office has filed a Form 12 Petition On Probation and Supervised Release, seeking the revocation of Ms. Barracks' supervised release. That petition alleges that

> On April 1, 2005, the defendant participated in a three way meeting with SUSPO Cerullo and USPO Ryan MacDougall to address issues of non-compliance. At that time, the defendant was instructed to report to the probation office on a bi-weekly reporting schedule. The defendant failed to report to the Probation Office until July 15, 2005.

The petition does not allege specific dates on which the defendant was to report. Further, the petition does not indicate whether any of those appointments were cancelled at the direction of the probation office. Finally, the petition does not reveal whether the defendant had called to cancel meetings due to circumstances beyond her control (<u>e.g.</u>, medical treatment due to a car accident, problems with transportation, etc.), and if so, what if any instruction the probation officer provided in response to her calls.

The defendant's defense to the charge against her is that she did not willfully fail to appear. The chronological notes, if properly kept, should support the defendant's defense that circumstances beyond her control resulted in her not coming to the probation office. She believes those notes will reflect that some of her appointments were cancelled by the probation office. Those notes should also reflect calls that she made to cancel when she was unable to attend and should reflect the reason that she was unable to attend. If there are notes of those calls, they would constitute exculpatory evidence and must be disclosed pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

In addition, for approximately a ten or eleven day period, Ms. Barracks was not supervised by

- 2 -

anyone because USPO MacDougall had resigned his position and USPO Amato was just assigned Ms. Barracks' file. It is not clear what instructions, if any were provided to Ms. Barracks. Her recollection is that Mr. MacDougall said goodbye to her and told her another officer would be assigned. She had no one to report to during that period.

With respect to other occasions, Ms. Barracks always called by telephone if she were unable to attend. Presumably, the chronological notes would detail the time the call was received and the substance of the call.

The defendant is hard-pressed to make this defense without access to the Probation Office's chronological records. Based on information and belief (and past experience), the probation officer records in handwritten chronological notes all contacts (or failures to have contact) with those on supervision. For example, on occasions when Ms. Barracks called to cancel, one would expect to find a so-called "chrono" reporting that Ms. Barracks did not show up for her meeting but called to say that she had no transportation. Given the sparse nature of the Form 12 in this case, it is not even possible for the defendant to know on which dates the Probation Office claims she was required but failed to report. To avoid unfair surprise and to enable the defendant to prepare to respond to in-court charges that she failed to report on days x, y, and z, the defendant needs to review the chronos.

This request is consistent with the procedures established in Federal Rule of Criminal Procedure 32.1 (b)(2)(a)-(c), which provides in pertinent part:

> The person is entitled to:
> (A) written notice of the alleged violation;
> (B) disclosure of the evidence against the person;
> (C) an opportunity to appear, present evidence, and question any adverse witnesses unless the court determines that the interest of justice does not require the witness to appear;

These provisions are meaningless if the defendant does not have access to the very records which are being used to jeopardize her liberty.

The probation officer has indicated that she will review the chronos prior to her testimony and will make notes to prepare her testimony, but that the defense will not be permitted to see the chronos or the notes. This is not a fair procedure in that the defendant's accuser - the probation officer - will

- 3 -

have sole access to the information which is being used to prosecute the defendant. No meaningful cross-examination can take place under those circumstances. Moreover, it is apparently the intention of the probation office to have Ms. Amato testify, based on her review of the chronos, to Ms. Barracks' behavior while supervised by Mr. MacDougall (i.e., during the period from April 1, 2005 until the end of May, 2005 - a time during which Ms. Amato was not involved in Ms. Barracks' case). Aside from the inherent hearsay and speculation problems that would be encountered if she were permitted to testify on that period of supervision, there is the additional problem that Ms. Amato will be interpreting someone else's (MacDougall's) notes and may not do so correctly, as well-intentioned as she may be.

Although revocation proceedings are not "criminal proceedings," a defendant is entitled to due process protections. <u>Minnesota v. Murphy</u>, 465 U.S. 434(1984). <u>See</u> <u>Morrissey v. Brewer</u>, 408 U.S. 471, 482 (1972); <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 779 (1973). There is no significant difference, for the purposes of this motion, between a parole, probation, or supervised release revocation hearing. <u>United States v. Jones</u>, 299 F.3d 103, 109 (2d Cir. 2002). Moreover, in revocation proceedings, the role of the probation officer becomes adversarial. <u>See</u>, <u>Morrissey</u>, 408 U.S. at 480 (probation office "sometimes an arm of the Court and sometimes of the executive"); <u>Shiff v. Dorsey</u>, 877 F.Supp. 73, 79 (D. Conn. 1994)(probation officer initiating revocation proceedings acts like a prosecutor); <u>Ray v. Pickett</u>, 734 F.2d 370, 374 (8th Cir. 1984)(probation officer's role in initiating revocation proceedings similar to role of police officer). As the accuser of Ms. Barracks, the probation office cannot legitimately and in accordance with due process principles, withhold from the defendant the very substance on which the charges against her arise. As noted above, the Form 12 alone does not permit the defendant to know even which dates she is alleged to have failed to report.

In support of its position, the probation office relies upon the Rules of Disclosure promulgated by the Administrative Office of the United States Courts. Ex A. As a preliminary matter, it is doubtful that such administrative rules trump the defendant's constitutional rights. The Court need not reach that issue if the Court finds that the rules themselves were not intended to apply in these circumstances. That is, in Section 4 of the of Ex A, the Administrative Office said:

- 4 -

(b) These regulations do not apply to [*inter alia*]:

> (1) Legal proceedings in which the federal judiciary or a court or office of the federal judiciary is a party.

> (2) Legal proceedings, arising out of the performance of official duties by federal judicial personnel, in which federal judicial personnel are parties.

In this regard, the Court should note that the Form 12 Petition contains the language "Comes Now Jennifer Amato, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Denise Barracks....RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS....PRAYING THAT THE COURT WILL ORDER that this petition will serve as a summons ... to show cause why supervision should not be revoked." The probation office is clearly a party in this proceeding, and the Rules of Disclosure expressly do not apply in such situations.

The probation office's other basis for objecting to the disclosure of these chronological notes is that it would violate "confidentiality." The question, however, is whose confidentiality is that office seeking to protect? If it is Ms. Barracks', then that concern is misplaced. Ms. Barracks is seeking the disclosure and waives any claim of confidentiality. If it is the probation office that is concerned with protecting what it writes in a client's file, then there is no legally cognizable privilege against disclosure, especially when those notes are being used to deprive the defendant of her liberty.

The notes are essential to a fair opportunity to defend the charges in this case. The defendant respectfully requests their disclosure sufficiently in advance of the hearing so as to permit the defendant to prepare.

- 5 -

Respectfully submitted,

The Defendant,
Denise Barracks

Thomas G. Dennis
Federal Defender

Dated:  September 14, 2005

Terence S. Ward
Asst. Federal Defender
10 Columbus Blvd, FL 6
Hartford, CT 06106-1976
Bar No. Ct00023
(860) 493-6260
Email: terence.ward@fd.org

CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing memorandum in support of motion to
disclose has been mailed to Keith King, Assistant United States Attorney, P.O. Box 1824, New Haven,
CT 06508, and to Jennifer Amato, United States Probation Office, 450 Main Street, Hartford, CT 06103
on this 14 day of September 2005.

Deirdre Murray

# EXHIBIT A

$EX$ $A$



LEONIDAS RALPH MECHAM
Director

CLARENCE A. LEE, JR.
Associate Director

## ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

WASHINGTON, D.C. 20544

April 25, 2003

JOHN M. HUGHES
Assistant Director

MATTHEW G. ROWLAND
Deputy Assistant Director

Office of Probation
and Pretrial Services

**MEMORANDUM TO ALL:**        **CHIEF PROBATION OFFICERS**
                             **CHIEF PRETRIAL SERVICES OFFICERS**

**SUBJECT:**   New Rules on Disclosure **(INFORMATION)**

At its March 2003 meeting, the Judicial Conference of the United States approved regulations establishing procedures for the production or disclosure of documents and the testimony of judiciary personnel in legal proceedings. The regulations are issued under the authority of the Director of the Administrative Office, under the direction of the Judicial Conference, to supervise administrative matters relating to administrative personnel of the courts and to promulgate regulations to carry out that authority. See 28 U.S.C. §§ 604(a)(1), (a)(24), (d), and (f). They are similar to and consistent with the regulations applicable to Executive Branch agencies, which are frequently referred to as "Touhy" regulations.

For probation and pretrial services officers who are requested, by court process or other means, to provide pretrial services, presentence, or supervision information, the regulations establish a process not unlike the process already recommended for dealing with such requests. The primary difference is that the regulations place the primary responsibility on making the disclosure decision with the chief probation or chief pretrial services officer. The chief is instructed to consult with the chief judge in making the decision if provided by local rule or order. Chiefs in districts that do not have procedures for consultation with the court in place should consider approaching their courts to determine if such an order should be entered.

The regulations govern disclosure of all information acquired in the performance of official duties. They establish procedures that provide, among other requirements, that requests be timely made and that they include sufficient information to permit an informed decision regarding disclosure. They do not affect the disclosures of pretrial services reports, presentence reports, and other material that are already governed by statute, regulation, or rule of procedure. They also do not apply to disclosure in the course of litigation when the office or officer is a party to the litigation. The regulations were effective as of their approval by the Conference and so are applicable to any requests for disclosure at this time.

---

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY

New Rules on Disclosure                                                                     2

     These regulations should be extremely helpful in dealing with the kinds of requests for disclosure that officers receive on a regular basis. They will provide familiar and helpful procedures for Assistant United States Attorneys who may be assisting officers in responding to subpoenas or other demands for disclosure. Chiefs are encouraged to review the regulations carefully and to share them with their courts so that all will be familiar with them when the next disclosure request is made. If you have any questions, please send an e-mail message to David Adair, Office of General Counsel, at David_Adair@AO.USCOURTS.GOV.

John M. Hughes

Attachment

## TESTIMONY OF JUDICIARY PERSONNEL AND PRODUCTION OF
## JUDICIARY RECORDS IN LEGAL PROCEEDINGS

### Section 1. Purpose.

(a) These regulations establish policy, assign responsibilities and prescribe procedures with respect to: (1) the production or disclosure of official information or records by the federal judiciary, and (2) the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations.

(b) The purpose of these regulations is, among other things, to: (1) conserve the time of federal judicial personnel for conducting official business; (2) minimize the involvement of the federal judiciary in issues unrelated to its mission; (3) maintain the impartiality of the federal judiciary in disputes between private litigants; (4) avoid spending the time and money of the United States for private purposes; and (5) protect confidential and sensitive information and the deliberative processes of the federal judiciary.

### Section 2. Authority.

These regulations are promulgated under the authority granted the Director of the Administrative Office of the United States Courts, under the supervision and direction of the Judicial Conference of the United States, to "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts," 28 U.S.C. § 604(a)(1); to "[p]erform such other duties as may be assigned to him by . . . the Judicial Conference of the United States," 28 U.S.C. § 604(a)(24); to "make, promulgate, issue, rescind, and amend rules and regulations . . . as may be necessary to carry out the Director's functions, powers, duties, and authority," 28 U.S.C. § 604(f); and to "delegate any of the Director's functions, powers, duties, and authority . . . to such officers and employees of the judicial branch of Government as the Director may designate," 28 U.S.C. § 602(d).

### Section 3. Definitions.

(a) Request. An order, subpoena, or other demand of a court, or administrative or other authority, of competent jurisdiction, under color of law, or any other request by whatever method, for the production, disclosure, or release of information or records by the federal judiciary, or for the appearance and testimony of federal judicial personnel as witnesses as to matters arising out of the performance of their official duties, in legal proceedings. This definition includes requests for voluntary production or testimony in the absence of any legal process.

(b) Judicial personnel. All present and former officers and employees of the federal judiciary and any other individuals who are or have been appointed by, or subject to the supervision, jurisdiction, or control of, the federal judiciary, including individuals hired through

contractual agreements by or on behalf of the federal judiciary, or performing services under such
agreements for the federal judiciary, such as consultants, contractors, subcontractors, and their
employees and personnel. This phrase also includes alternative dispute resolution neutrals or
mediators, special masters, individuals who have served and are serving on any advisory
committee or in any advisory capacity, and any similar personnel performing services for the
federal judiciary.

(c) Legal proceedings. All pretrial, trial, and post-trial stages of all existing or
anticipated judicial or administrative actions, hearings, investigations, cases, controversies, or
similar proceedings, including grand jury proceedings, before courts, agencies, commissions,
boards or other tribunals, foreign and domestic, or all legislative proceedings pending before any
state or local body or agency, other than those specified in section 4(b).

(d) Information or records. All information, records, documents, or materials of any
kind, however stored, that are in the custody or control of the federal judiciary or were acquired
by federal judicial personnel in the performance of their official duties or because of their official
status.

(e) Testimony. Any written or oral statement in any form by a witness arising out of the
performance of the witness' official duties, including personal appearances and statements in
court or at a hearing or trial, depositions, answers to interrogatories, affidavits, declarations,
interviews, telephonic, televised, or videotaped remarks, or any other response during discovery
or similar proceedings that would involve more than production of documents.

Section 4. Applicability.

(a) These regulations apply to:

(1) All components of the federal judiciary and their personnel, except the
Supreme Court of the United States, the Federal Judicial Center, and the United States
Sentencing Commission, and their personnel.

(b) These regulations do not apply to:

(1) Legal proceedings in which the federal judiciary or a court or office of the
federal judiciary is a party.

(2) Legal proceedings, arising out of the performance of official duties by federal
judicial personnel, in which federal judicial personnel are parties.

(3) Legal proceedings in which federal judicial personnel are to testify while in
leave or off-duty status as to matters that do not arise out of the performance of official duties.
These regulations do not seek to deny federal judicial personnel access to the courts as citizens in

2

their private capacities on off-duty time.

       (4) Congressional requests for testimony or documents.

       (5) Requests governed by the Regulations for Garnishment of Pay of Officers and Employees of the Federal Judiciary, Guide to Judiciary Policies and Procedures, Vol. 1-C, Chap. XI, Part A.

       (6) Proceedings conducted under the Judicial Conduct and Disability Act, 28 U.S.C. § 372(c), under the authority conferred on the judicial councils of the respective federal judicial circuits by 28 U.S.C. § 332, or under the authority conferred on the Judicial Conference of the United States by 28 U.S.C. § 331.

       (7) Requests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying.

Section 5. Policy.

       (a) Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations.

       (b) Testimony may be taken from federal judicial personnel only at the federal judicial personnel's place of business, or at any other place authorized by the determining officer designated in section 7(b). Additional conditions may be specified by the determining officer. The time for such testimony shall be reasonably fixed so as to avoid substantial interference with the performance of official duties by federal judicial personnel.

       (c) Nothing in these regulations shall restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.

       (d) These regulations are not intended to, and do not:

       (1) Waive the sovereign immunity of the United States; or

       (2) Infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States in appropriate cases.

       (e) These regulations are intended only to govern the internal operation of the federal judiciary and are not intended to create, do not create, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable in law or equity against the United States or against the federal judiciary or any court, office, or personnel of the federal judiciary.

3

ı

### Section 6.  Contents and timeliness of a request.

(a)  The request for testimony or production of records shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means.  This explanation shall contain sufficient information for the determining officer designated in section 7(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced.  Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

(b)  The request for testimony or production of records, including the written statement required by section 6(a), shall be provided to the federal judicial personnel from whom testimony or production of records is sought at least fifteen (15) working days in advance of the time by which the testimony or production of records is to be required.  Failure to meet this requirement shall provide a sufficient basis for denial of the request.

(c)  The determining officer designated in section 7(b) has the authority to waive the requirements of this section (6) in the event of an emergency under conditions which the requester could not reasonably have anticipated and which demonstrate a good faith attempt to comply with the requirements of these regulations.  In no circumstance, however, shall a requester be entitled to consideration of an oral or untimely request; to the contrary, whether to permit such an exceptional procedure is a decision within the sole discretion of the determining officer.

### Section 7.  Identity of determining officer.

(a)  Federal judicial personnel shall not, in response to a request for testimony or the production of records in legal proceedings, comment, testify, or produce records without the prior approval of the determining officer designated in section 7(b).

(b)  The determining officer authorized to make determinations under these regulations shall be as follows:

(1)  In the case of a request directed to a federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a current or former member of such a judge's personal staff (such as a judge's secretary, law clerk, or courtroom deputy clerk), the determining officer shall be the federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge himself or herself.

4

(2) In the case of a request directed to a former federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a former member of a former judge's personal staff who is no longer a court employee and thus is not covered by sections 7(b)(1) or (3), the determining officer shall be the chief judge of the court on which the former judge previously served.

(3) In the case of a request directed to an employee or former employee of a court office (other than an employee or former employee covered by section 7(b)(1)), such as the office of the clerk of court, the office of the circuit executive, the staff attorneys' and/or prearraignment attorneys' office, the probation and/or pretrial services office, and the office of the Federal Public Defender, the determining officer shall be the unit head of the particular office, such as the clerk of court, the circuit executive, the senior staff attorney, the chief probation officer, the chief pretrial services officer, or the Federal Public Defender. In these instances, the determining officer (except the Federal Public Defender, as provided below) shall, as provided by local rule or order, consult with the chief judge of the court served by the particular office regarding the proper response to a request. The Federal Public Defender, in the case of a request related to the defender office's administrative function (but not requests related to the defender office's provision of representation pursuant to the Criminal Justice Act, 18 U.S.C. 3006A, and related statutes), shall, as provided by local rule or order, consult with the chief judge of the court of appeals that appoints the Federal Public Defender regarding the proper response to such a request.

(4) In the case of a request directed to an employee or former employee of the Administrative Office of the United States Courts, the determining officer shall be the General Counsel of the Administrative Office.

(5) In the case of a request not specified in subsections (1) through (4) above (such as, for example, a request made to federal judicial personnel as defined by section 3(b) above who are not current or former judges or their staff, employees of a court office, or employees of the Administrative Office), the determining officer shall be the officer designated to serve as the determining officer by the chief judge of the court served by the recipient of the request. In these instances, the determining officer (if someone other than the chief judge of the relevant court) shall, if the circumstances warrant, consult with the chief judge of the relevant court regarding the proper response to a request.

Section 8. Procedure when request is made.

(a) In response to a request for testimony or the production of records by federal judicial personnel in legal proceedings covered by these regulations, the determining officer may determine whether the federal judicial personnel may be interviewed, contacted, or used as witnesses, including as expert witnesses, and whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records. The determining officer may deny a request if the request does not meet

5

any requirement imposed by these regulations. In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the determining officer will consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties.

(1) The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

(2) Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3) Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4) Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

(5) Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

(6) Whether the request is within the proper authority of the party making it.

(7) Whether the request meets the requirements of these regulations.

(8) Whether the request was properly served under applicable court, administrative, or other rules.

(9) Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10) Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

(11) Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

(12) Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

6

        (13)  Whether the request seeks testimony, records or documents available from other sources.

        (14)  Whether the request seeks testimony of federal judicial personnel as expert witnesses.

        (15)  Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and (1) the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or (2) the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

        (16)  Any other consideration that the determining officer designated in section 7(b) may consider germane to the decision.

    (b)  Federal judicial personnel upon whom a request for testimony or the production of records in legal proceedings is made shall promptly notify the determining officer designated in section 7(b).  If the determining officer determines, upon consideration of the requirements of these regulations and the factors listed in section 8(a), that the federal judicial personnel upon whom the request was made should not comply with the request, the federal judicial personnel upon whom the request was made shall notify the requester of these regulations and shall respectfully decline to comply with the request.  In appropriate circumstances federal judicial personnel may -- through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable -- file a motion, before the appropriate court or other authority, to quash such a request or to obtain other appropriate relief.

    (c)  If, after federal judicial personnel have received a request in a legal proceeding and have notified the determining officer in accordance with this section, a response to the request is required before instructions from the determining officer are received, federal judicial personnel shall notify the requester of these regulations and inform the requester that the request is under review pursuant to these regulations.  If necessary, federal judicial personnel may -- through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable -- seek a stay of the request pending a final determination by the determining officer, or seek other appropriate relief.

    (d)  If, in response to action taken under section 8(c), a court of competent jurisdiction or other appropriate authority declines to stay the effect of a request pending a determination by the determining officer, or if such court or other authority orders that the request be complied with notwithstanding the final decision of the determining officer, the federal judicial personnel upon whom the request was made shall notify the determining officer and shall comply with the determining officer's instructions regarding compliance with the order or request.  Unless and until otherwise instructed by the determining officer, however, the federal judicial personnel upon whom the request was made shall respectfully decline to comply with the order or request.  See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

7