UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:00CR150(JBA) |
| | : | |
| v. | : | |
| | : | |
| DENISE BARRACKS | : | September 19, 2005 |
| | : | |

GOVERNMENT'S MEMORANDUM RE
DEFENDANT'S MOTION FOR PRODUCTION OF PROBATION OFFICER'S NOTES

On September 14, 2005, the defendant moved for a court order requiring the United States Probation Office to produce, in advance of the revocation hearing scheduled for September 21, 2005, the chronological records that its officers have maintained regarding the defendant during the period from April 1, 2005 through July 15, 2005. The United States Probation Office has refused to disclose the information in accordance with the Rules of Disclosure promulgated by the Administrative Office of the United States Courts. While the disclosure request in this case is directed at an Officer of the Administrative Office rather than the United States Attorney's Office or an investigative agency under its direction, the Government respectfully submits this memorandum to apprise the Court of its position with regard to the defendant's request for disclosure. Pursuant to the Rules of Disclosure set forth by the Administrative Office of the United States Court, the United States Probation Department has the authority, in consultation with the Court, to deny the request for disclosure. Further, there has been no showing by the defendant of a legitimate need for this information in advance of the hearing.

The Rules of Disclosure relied upon by Probation clearly indicate that the chief probation officer or chief pretrial services officer, in consultation with the Court, has the primary responsibility for determining whether to permit disclosure. See Section 7(b)(3). Based on information obtained from the United States Probation Office, there have only been two such prior requests to the Connecticut District Court for this type of information and both were denied by the Probation Office and the Court. The defendant's claim that the Rules of Disclosure do not apply here because probation is a party in this case lacks merit. The exception the defendant refers to applies to situations where the probation officer becomes a party to proceedings outside of his or her performance of official duties. The fact that the United States Probation Officer filed the Form 12 Petition, within the course of her regular duties as a supervising officer, does not make her or the United States Probation Office a party to this proceeding.

Nor has the defendant shown that these records are essential to afford her a fair opportunity to defend the charges in this case. The defendant claims that the petition fails to allege the specific basis of the charge of her failing to regularly report to the probation officer. However, the petition does specifically indicate that the defendant was required to report bi-weekly and failed to do so from April 1, 2005 to July 15, 2005. In addition, the probation officer has filed a Report of Violation of Supervised Release, dated July 18, 2005, which contains a factual statement as to the basis of each of the three charges against the defendant. In this report, the officer indicates that during a home visit on June 10, 2005, the defendant was instructed to report to the Probation Office on Monday's in order to accommodate the defendant's work schedule. The report then states that during the months of June and July the defendant failed to meet the scheduled appointments and would frequently call after office hours to give a reason as

to why she failed to report. Thus, the petition and the report of violation have adequately apprised the defendant of the nature of the charges against her.

The defendant not only has notice of the nature of the charges against her but will also have an opportunity to respond to those charges at the hearing and present any evidence the defendant deems relevant to her defense. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (minimum due process rights at a parole revocation hearing include written notice of the claimed violations of parole; disclosure of the evidence against parolee; opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine witnesses; neutral and detached hearing body; and written statement of basis for decision). The defendant knows when she was instructed to report and the reasons she gave the probation officer for her non-compliance. Further, counsel for defendant will have an opportunity to present and confirm that information with the probation officer at the hearing. The information the defendant seeks in advance of the hearing serves no purpose other than to permit her to tailor her testimony to fit the probation officer's notes regarding her contacts. The due process requirements have been met and there is no basis to require this type of unprecedented disclosure.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

    MARIA A. KAHN
    ASSISTANT UNITED STATES ATTORNEY
    157 Church Street, 23rd Floor
    New Haven, CT 06510
    Tel. (203) 821-3700
    Fed. Bar No. CT06573

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within and foregoing was sent via facsimile on this 19TH day of September, 2005 to counsel of record for the defendant:

Terrence Ward
Federal Public Defender
10 Columbus Blvd FL 6
Hartford, CT 06106-1976
Fax: 860-493-6269

Jennifer L. Amato
U.S. Probation Officer
450 Main Street
Hartford, CT 06106
Fax: 860-240-2620

                                      MARIA A. KAHN
                                      ASSISTANT UNITED STATES ATTORNEY