UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | :     CRIMINAL NO. 3:00CR150(JBA) |
| DENISE BARRACKS | :     September 20, 2005 |

### REPLY TO GOVERNMENT'S MEMORANDUM RE: MOTION FOR PRODUCTION

The defendant received the government's memorandum today, September 20, 2005, regarding her request for production of records to prepare for tomorrow's hearing. The government makes three assertions that are the subject of this reply.

First, the government claims that the Rules of Disclosure promulgated by the Administrative Office apply to the defendant's request for production. The government suggests that the only exceptions to these rules are cases in which "the probation officer becomes a party to proceedings outside of his or her performance of official duties." This claim completely ignore the express language of the rules which states:

> (b) These regulations do not apply to [*inter alia*]:
>
> (1) Legal proceedings in which the federal judiciary or a court or office of the federal judiciary is a party.
>
> (2) Legal proceedings, ***arising out of the performance of official duties by federal judicial personnel***, in which federal judicial personnel are parties.

(Emphasis added).

In other words, the regulations expressly provided they had no application in circumstances, like these, where the probation office is a party.

In any event, the defendant respectfully submits that (1) Federal Rule of Criminal Procedure 32.1(b)(2)(a-c) which entitles her to notice, disclosure of the evidence against her, and an opportunity to defend and (2) due process principles outweigh any internal regulations on non-disclosure. These records, which the probation office has informed counsel will be used to prepare their testimony, must be disclosed if the defendant is to have a fair hearing.

- 2 -

The second claim in the government's memorandum is that the defendant does not need these records to know what dates the probation office claims she failed to report. In support of this position, the government points out that the probation office told the defendant on June 10, 2005 to report on Mondays. The petition, however, claims that the defendant is in violation for failing to report from April 1, 2005 until July 15, 2005 and that the reporting schedule was bi-weekly (twice per month). If the government is abandoning the claim that the defendant failed to report from April 1 through June 10, 2005, then the defendant would not need to examine the chronos for that period. Otherwise, however, the probation office has not provided fair notice of any claimed failures to report during that period because neither the Form 12 petition nor the attached report specifies any scheduled dates from April 1, 2005 to June 10, 2005.

Moreover, it is not clear from June 10, which was a Friday until July 15, which was also a Friday, whether the probation office is claiming that the defendant was scheduled to appear every Monday or two Mondays per month (bi-weekly, as the Form 12 notes), and if so, which two Mondays per month. The chronos might shed some light on what the probation office said at the time. Finally, the chronos would presumably reflect when the defendant called regarding her inability to report and what instruction, if any, the probation officer gave in response.

It should be noted that in the typical violation of this type, the Form 12 always specifies the dates that the defendant is alleged to have missed. This petition is unusually vague.

The government's third claim is that the "defendant knows when she was instructed to report" so she does not need to see the chronos. Gov's Br. at 3. The government, in making this claim, demonstrates why there is a need to have Rule 32.1 of the Federal Rules of Criminal Procedure. Without such a rule, the government might forget its burden of proof and might not willingly provide fair notice of the charges against the defendant and a fair opportunity to defend. The records in this case must be disclosed.

- 3 -

                    Respectfully submitted,

                    The Defendant,
                    Denise Barracks

                    Thomas G. Dennis
                    Federal Defender

Dated: September 20, 2005

                    Terence S. Ward
                    Asst. Federal Defender
                    10 Columbus Blvd, FL 6
                    Hartford, CT 06106-1976
                    Bar No. Ct00023
                    (860) 493-6260
                    Email: terence.ward@fd.org

## CERTIFICATION

    I HEREBY CERTIFY that a copy of the foregoing reply to government's memorandum re: disclosure has been mailed to Maria Kahn, Assistant United States Attorney, P.O. Box 1824, New Haven, CT 06508, on this 20 day of September 2005.

Thomas Belsky